UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 02-4594

WYATT NATHAN KEPLEY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-441)

Submitted: June 12, 2003

Decided: June 19, 2003

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina, for Appellant. Anna Mills Wagoner, United States Attorney,
Sandra J. Hairston, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wyatt Nathan Kepley appeals his conviction and thirty-nine month sentence imposed upon his guilty plea to conspiracy to distribute anabolic steroids in violation of 21 U.S.C. § 846 (2000), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (2000). Kepley's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising three issues on appeal but stating that, in his view, there are no meritorious issues for appeal. Kepley was informed of his right to file a pro se supplemental brief but has failed to do so. We affirm.

Counsel first questions whether the indictment was sufficient. Our review of the indictment reveals that it contained a definite statement of the offenses charged. *See United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998) (providing standard); *see also United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (discussing elements of conspiracy); *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (discussing elements of § 922(g)(1)).

Next, counsel raises as potential issues the adequacy of the plea colloquy and the voluntariness of Kepley's plea. We have reviewed the transcript of the hearing conducted before the district court and are satisfied that Kepley entered his plea knowingly and voluntarily and that he was afforded the protections of Fed. R. Crim. P. 11. *United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). Accordingly, this claim merits no relief.

Finally, counsel asserts that Kepley received inefficient assistance of counsel. Claims of ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *Id.* at 120-21. We have reviewed the record for error and have found no clear ineffective assistance by Kepley's counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We there-

fore affirm Kepley's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*